I'm sorry, go ahead. Where's my line? Mr. St. Germain? Your Honor, counsel, and may it please the court. My name is Santos St. Germain and I am here on behalf of Mr. Eric Smith. Eric Smith pled guilty to one count of burglary. At his plea hearing, the state factual basis alleged that Mr. Smith entered an open retail store, remained within the general public area, selected sales items, and then attempted to pay for these items with a stolen credit card. However, the factual basis never alleged that Mr. Smith exceeded his physical authority as a member of the general public to be within the store, and therefore, the state factual basis never alleged that Mr. Smith entered the open retail store without authority. Under People v. Bradford, the state factual basis failed to allege sufficient facts to establish the without authority element required for the burglary conviction. Therefore, under People v. McCarty, as applied by People v. Cato, the factual basis did not allow Mr. Smith to confess to a conviction upon which the court can enter a conviction. First, I would like to address the People v. Bradford viral cases. In Bradford, the Supreme Court looked at whether entry without authority can be determined only upon the defendant's intent. If a defendant enters a store that is open to the general public, never leaves the general area, never enters within private sectors of that store, remains within his authority as a member of the general public to be in that store, therefore, there cannot be entry without authority. Here, the factual basis never alleged any facts suggesting that Mr. Smith was not allowed to be in the store or in areas of the store not open to the general public. Therefore, under People v. Bradford, Mr. Smith's entry cannot be found to be without authority. Also, under People v. McCarty, jurisdiction even in the context of a guilty plea requires that the facts alleged by the state allows the defendant to confess to an offense upon which conviction can be entered. Without such facts, there is no jurisdiction to enter the guilty plea. And without jurisdiction, the conviction must be found void. In People v. Care, the appellate court found that where the factual basis does not allege facts, establishing the offense upon which the guilty plea is being entered, conviction, there is no subject matter jurisdiction for the conviction, and therefore, the judgment would be void. So, if the court has any question on either argument, whether the without authority argument or the voidness of the conviction, I am prepared to address any question the court would have. The voidness of the conviction, you don't think that Castleberry implicates that? No, Your Honor, because Castleberry addressed the void sentencing rule, which has been abolished as of Castleberry. The issue here is jurisdiction. Voidness for lack of jurisdiction. There is two manner where jurisdiction would be absent. First, personal jurisdiction being lacking. We are not contending a lack of personal jurisdiction. And second, subject matter jurisdiction. For there to be subject matter jurisdiction to enter a criminal conviction, the statute must allow for the criminal conviction to be entered. Here, without finding without authority element, there cannot be a conviction for burglary. Well, if there is no more question, we would ask the court to reverse because Mr. Smith's conviction was void and vacate his conviction. Thank you. Thank you, Mr. St. Germain. Mr. McNeil. First right off the bat, the charging instrument in this case stated he was charged with burglary and that he, without authority, knowingly entered a grocery store with the intent to commit therein the offense of unlawful use of a credit card. This is language almost echoing the burglary statute. All of the elements are specifically delineated in this charging instrument. Defendant stipulated the factual basis which was based, the evidence was based on this charging instrument. They talked about every element in the factual basis. Clearly, especially in February of 2012 when the defendant pled guilty to this offense, he was guilty of burglary and every specific element was mentioned. Can you take us through those elements? Yes. He entered without authority with the intent to commit an offense, the offense here being unlawful use of a credit card. Those are the elements of burglary and that's what the charging instrument specifically provided. Well, counsel makes much of the view that he was where he was authorized to be in this retail establishment. There could be an argument that Bradford is favorable authority. It does not completely overturn the 50-year precedent of Weaver which the language of Weaver is, the applicable language is, authority to enter a business building or other building open to the public extends only to those who enter with a purpose consistent with the reason the building is open. An entry with intent to commit a theft cannot be said to be within the authority granted patrons. That's Weaver. Bradford, which was an unauthorized remaining burglary, he was charged with burglary by unauthorized remaining, not an unauthorized entry. People v. Garrett, the fourth district, has already distinguished Bradford stating it has no bearing on this case because it addressed only the offense of burglary by remaining, not burglary by entering. Here, defendant was similarly charged with burglary by entering. The reason I mention this, Bradford, of course, weighs towards defendant's side. There was still a risk even if we assume Bradford existed at the time defendant pled guilty, this wasn't a clear cut get out of jail free card for defendant. He would still risk getting a conviction and having that conviction upheld by this court or the Supreme Court. Bradford does not specifically overrule Weaver and has already been distinguished in a similar offense in the fourth district. Defendant mitigated all of that risk by pleading guilty. He got the minimum. He was eligible all the way up to 30 years. He was class X eligible. He got six years. Clearly, there was consideration in his guilty plea. That's an obvious justiciable matter as per subject matter jurisdiction. Castleberry specifically noted that we still rely on the subject matter jurisdiction definition from Belleville-Toyota. That language is exactly this. To invoke the circuit court's subject matter jurisdiction, a party need only present a justiciable matter. I find that controversy appropriate for review by the court in that it is definite and concrete, touching upon the legal relations of parties having adverse legal interests. People v. Sandoval Carrillo, the second district case which I also cited, recognize that our Supreme Court held 20 years ago a defective charging instrument does not deprive the trial court of subject matter jurisdiction. Even if we assume that defendant was somehow charged with a defective charging instrument here, that does not somehow retroactively deprive the trial court four years later of having subject matter jurisdiction. Castleberry at least establishes that this is a low hurdle to establish subject matter jurisdiction, a clear hurdle to show that there was no subject matter jurisdiction. We're kind of not addressing the elephant in the room, and that's the fact that this is forfeited in multiple ways. Defendant didn't file a motion to withdraw within 30 days as required by Rule 604D. Also, more importantly, defendant never mentioned this issue at all in any of his pleadings in the trial court. This was first mentioned in the appellate brief in this matter. Whether this court characterizes defendant's motion as a post-conviction petition or a petition for relief from judgment pursuant to Section 2-1401, those are the only two avenues for relief for defendant at this point. Well, his argument appears to be that the judgment is void, ergo it can be attacked at any time in any court. Correct. I mean, I'm presuming because of the forfeiture that that's the angle to take here. However, as I pointed out, that's a tough case. That's a tough go in this case because subject matter jurisdiction, it was obvious in this case. It was a justiciable matter. And even assuming Bradford, like I said, even assuming Bradford existed, which it didn't exist until four years later, even assuming it existed, there was still a risk for defendant to not plead guilty, go to trial, get a harsher sentence. So that satisfies the controversy requirement of subject matter jurisdiction. As for People v. Kyer, the Fourth District case, there the defendant pled guilty to failure to register employment change as a sex offender. Defendant just lost his job. He didn't get a new job. So the Fourth District held that a specific element was missing from both the charging instrument and the factual basis. The difference here, of course, well, that was decided prior to Casselberry. Looking at the language of Casselberry, Belleville, Toyota, and Sandoval Carrillo all in my brief, it's unclear whether Kyer would hold up in light of Casselberry. More importantly, the charging instrument in this case and the factual basis, like I stated, specifically provided each element for burglary and defendant stipulated to those elements in the factual basis. So Kyer is inapplicable to the present case because there is no specific element lacking here. Defendant talks about the unauthorized entry. However, if defendant thought he had authorized entry, he didn't have to plead guilty. This was a contract between the State and defendant. State's holding up their end and defendant should hold up his end. And if there are no more questions, I would ask this Court to affirm. Thank you, Mr. McNeil. Mr. St. Germain, some rebuttal. Yes, Your Honor. Before you kick off there, let me just ask you this. You allege that the charging instrument is defective. I did not allege that, Your Honor. I'm sorry, I misunderstood you. The factual basis. Yes, Your Honor. Well, the factual basis was that he entered without authority, right? Yes, Your Honor. And you say, well, no, he didn't because Bradford makes that. Bradford says he didn't. So I guess where I'm going, isn't that just a factual dispute whether, you know, now in light of Bradford factually he's got authority, assuming Bradford stands for the proposition that unlawful remaining and unlawful entry ought to be treated the same way. And common sense would seem to dictate they should be. It shouldn't make any difference. But is that really a – in other words, you say he had authority. At the time the state said, no, he didn't have authority, and because of Bradford now he did have authority. But the factual basis was at the time people get convicted right and left for that. So how in the world does that deprive the circuit court of subject matter jurisdiction because of a dispute over whether the defendant entered with or without authority? Well, if I understand your question correctly, Your Honor, there seems to be two parts to your question. One is the retroactivity of Bradford, which seems to be the argument the state is making. Bradford established a new rule of substantive law because it established not just the manner of how a defendant can be found guilty of a specific crime, but whether the defendant can be found guilty under a specific statute. That being said, Bradford is retroactive, and therefore if Bradford is applicable, it would void the defendant's judgment. Now to address your point – Does it render it void or does it render it voidable? It renders it void in the context of McCarty and Cato, which address the second part of your question. This is not simply a factual dispute. This is whether the factual basis which the state presented to the court to find the defendant guilty, whether that alleged offense on which the defendant can actually be convicted. Just so we're clear, the factual basis alleged that he entered without authority. Yes, but then the factual basis went further and says that he entered the store while it is open, and the only reason the factual basis is suggesting that he entered without authority is because apparently or allegedly he had the intent to use a stolen credit card to pay for the goods that he was – so he had an intent to commit an offense, but intent alone to commit an offense does not – that is the constructive unlawful entry under Weaver. That rule is no longer applicable because the – go ahead, Ron. Well, I'm just thinking that I wouldn't read Bradford as far as maybe you do because a more extreme example is somebody entered an open business with the intent to physically assault somebody inside that store. You know, Bradford was in the context of a retail theft, but I think at least this stage of the game, it's up for grabs. It doesn't rule out a burglary charge where somebody enters a store with the intent to commit a physical assault, a murder. Yes, Your Honor. Bradford may have been in the context of a retail theft. However, Bradford's holding and the way the logic that Bradford is applying suggests that what it actually says, what the court is looking at, is whether the defendant's presence was authorized. Whether the defendant, at the moment he entered the store, regardless of what his intent was, is whether his entry was authorized. In a situation where a defendant enters a store to commit murder, either to kill the clerk or, in this case, to use a stolen credit card, his entry is not dependent on his intent to be in that store. His entry has suggested whether he exceeded his physical authority or whether he was previously prohibited from entering the store. In this particular situation, the factual basis makes no allegation, presents no facts that Mr. Smith's presence in the store was unauthorized. The second issue, Your Honor, is going back to subject matter jurisdiction. Subject matter jurisdiction is absolute. Whether it exists at the moment or whether the reasoning that suggests that subject matter jurisdiction did not exist at the moment the conviction was entered does not depend on whether the defendant enters a guilty plea. As stated in McCarty, a defendant's contract, as the state places it, with the state does not create jurisdiction upon the court. The court must first have jurisdiction in order to enter the conviction and then determine whether the conviction is appropriate. Just to summarize it, you're saying the court doesn't have jurisdiction to enter a conviction based upon a faulty factual basis. Yes, Your Honor. That is what the court held in people's detail. Okay, go to the Cliff Notes version of what I just gave. Is that your argument? That is my argument, Your Honor. So let's take it out of the context of a guilty plea. Let's say there's a jury trial, and somebody's charged with a crime, but the state failed, it turns out, to prove one of the elements. But nonetheless, the jury found him guilty, and the judge enters a conviction including a sentence on that conviction. No appeal, no nothing. Time runs, and later he comes back and says, well, my conviction is void under your theory because it was a conviction presented by the judge, not the jury, and it was entered on a faulty factual basis because, as the record shows, this element of the offense was never proved. In your mind, does that render that conviction void? Your Honor, that would be an overextension of both McCarty and Cahill because McCarty and Cahill looks at the voidness issue in the context of a guilty plea. Well, what's the difference? Well, the difference is, Your Honor, is the defendant in your situation is alleging failure to prove an element. The defendant is not alleging failure to allege or support a guilty plea with the appropriate amount of factual allegation. In that situation, that goes to arguments related to beyond a reasonable doubt, which I don't think Cahill or McCarty address. Well, I don't know that it does. I mean, I think the hypothetical was that there was no evidence upon which a finder of fact could find that fact. And that fact is an element of the criminal offense. Yes, Your Honor. And isn't that what we have here that you're arguing in this? It's an alpha plea, isn't it? The difference here, Your Honor, and this is language from McCarty, McCarty says that a trial court must inquire into the legal basis for entering the conviction. Without that inquisition into the factual allegation, to determine whether that factual allegation exactly creates the offense for which the defendant is confessing his guilt, there is no conviction. That is the language from McCarty. And the extension from Cater is that that language must be also present, not simply in the defective instrument, but also in the factual basis. Without such element, the defendant cannot confess his guilt. And without such confession, the guilty plea could not be accepted and conviction would be void. Because in this plea, where there has to be a factual, sufficient factual basis to support a conviction under that criminal statute, you're saying that there was no factual basis that would support the element of without authority. Yes, Your Honor. The factual basis, in fact, the factual basis presented by the State in this case undercuts the argument that Mr. Smith entered without authority. The factual basis suggested that Mr. Smith entered during normal operating business hours and attempted to pay for sales items with a stolen credit card. That factual basis suggests his presence was physically authorized. So in your hypothetical, he should not have been allowed to plead guilty. And in my hypothetical, a judge should not have entered a guilty plea or a judgment of conviction on the jury verdict because there was no factual basis. There was a missing element of the offense, ergo no factual basis for the conviction. Your Honor, your hypothetical takes us outside of the realm of McCarty. McCarty is limited to guilty pleas. But logically, assuming that's the case, does it make any sense to treat those two differently? It would make sense because that is what the Blackletter Law is, Your Honor. But I would caution the State to move away, I would caution the Court to move away from that hypothetical because it is not the facts that we have in this case. In this case, we have the exact facts, which are within the context of a guilty plea. There must be some legal basis, and the Court must make an inquisition into those legal basis to determine whether the factual basis creates jurisdiction to enter the conviction. Your hypothetical raises a valid question, but it is not the case before this Court. And for that reason, we would ask this Court to avoid the judgment. Why do we require that? What's in the theory of law? Why do we require that sufficient factual basis? What is it we're trying to protect? Well, Your Honor, because of the right that the defendant is giving up. The defendant has a constitutional right to a jury trial. The moment he walks away from that right, which is an onerous right, I think the burden is now on the entire judicial system to make sure that his right is being properly foregone. The State makes a great argument about his bargain and receiving the benefit of that bargain, but nonetheless, the burden is on the system to make sure that that bargain is being made in the right context. And without jurisdiction, that bargain cannot be accepted. That is the logic that underpins the rule in McCarthy, and that is the logic that underpins the entire system of determining subject matter jurisdiction. Subject matter jurisdiction is absolute because a defendant, whether in the context of guilty plea or generally speaking, cannot be held liable before a court if the court does not have jurisdiction over him, whether personally or on the subject on which he's... Well, what we're trying to prevent is the State coming up and giving a factual basis and having charged him with some crime called treason against the United States, and the judge entering a conviction on treason against the United States for this factual basis, right? There has to be some linkage. Yes, and the factual basis presented in this court, in this case, undercuts the linkage between the crime and the allegation that is being made. The allegation is that he committed a burglary by entering without authority, and then the factual basis suggests that his presence in the open business was authorized as a member of general public. The only failure on his part was his attempt to pay for the sales item with a stolen credit card. His entry was authorized, his presence was authorized. So you wouldn't be here if he was charged with and put guilty to retail theft? That would be an entirely different case, Your Honor. No, we would not be arguing this case. We would not be arguing the voidness based on lack of evidence. The factual basis would support that charge, would it not? No, I do not believe so. Why? Because what the factual basis suggests in this court, Your Honor, and again, this is a hypothetical which is not presented in the facts of this case. The factual basis suggests that his conduct was akin to, at the time, unlawful use of a credit card or debit card. Retail theft or shoplifting suggests an attempt to take a sales item and exit without paying for them. I don't know, and I have not looked at the cases, but I don't know if attempt to pay with a stolen credit card is retail theft. I would not want to answer that question because it doesn't address my client's case. My client's case is that the factual basis does not create a subject matter jurisdiction upon which a conviction can be entered. Counselor, your time is up. Thank you. Thank you, Your Honors. And I would ask the Court to reverse and vacate this conviction. Thank you, Mr. St. Germain. Thank you to Mr. McNeil. This matter will be taken under advisement. This position will be issued.